UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOANNE M. LAEL,**

    **Plaintiff,**

v.                                      Case No. 18-CV-1964

**KILOLO KIJAKAZI,**
Acting Commissioner of Social Security[1],

    **Defendant.**

---

### DECISION AND ORDER ON MOTION FOR ATTORNEY'S FEES
### PURSUANT TO 42 U.S.C. § 406(b)

---

On December 5, 2019, I reversed the Social Security Commissioner's decision denying Joanne M. Lael's claim for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 23.) I granted Lael's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on March 20, 2020 and awarded $7,390.51 in fees. (Docket # 28.) On remand, Lael appeared before an Administrative Law Judge who approved her claim for disability insurance benefits. (Docket # 29-1.) The Social Security Administration issued a Notice of Award letter dated December 14, 2020, stating that the Administration was withholding $17,062.75, which amounts to 25% of Lael's past due benefits, to pay her attorney. (Docket # 29-3 at 8.) Lael was represented by Attorney Deborah Spector before the ALJ on remand and Attorney Spector requested and obtained approval of fees in the amount of $6,000.00 for her work before the Administration. (Docket # 29 at ¶ 5, Docket # 29-5 at 1.)

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

Lael agreed to pay Attorney Spector 25% of her past-due benefits award. (Docket # 29-4.) Again, the Administration withheld $17,062.75 from her past-due benefits to pay her representative. Attorney Spector now moves the Court to award her a net fee of $3,672.24, representing 25% of the past-due benefits withheld less the fees awarded under the EAJA and § 406(a) ($17,062.75-$7,390.51-$6,000.00 = $3,672.24). (Docket # 29 at ¶ 9.)[2] Attorney Spector requests that the Court then order the Commissioner to release the balance of withheld benefits to Lael. (*Id.*) Attorney Spector represents that the Commissioner has no objection to the motion. (*Id.* ¶ 11.)

As an initial matter, in determining whether to approve fees pursuant to § 406(b), it is within the Court's discretion whether to employ the "netting method" as requested by Attorney Spector or to require counsel to refund an EAJA award directly to a Social Security claimant. *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020). Furthermore, the Seventh Circuit has noted that the netting method "is 'disfavor[ed]' in light of the [statutory] language that anticipates an attorney-to-claimant refund." *Id.* (quoting *Martinez v. Berryhill*, 699 F. App'x 775, 776 (10th Cir. 2017). Accordingly, I decline to utilize the netting method in considering Attorney Spector's request for § 406(b) fees.

Again, the Court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the

---

[2] It should be noted that it seems the Administration continues to withhold a single pool of 25% of the past-due benefits to pay fees under both § 406(a) and § 406(b) even though the Supreme Court has explicitly stated that the statutory text contains separate caps on fees for each type of representation and authorizes two pools of withheld benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Thus, Attorney Spector need not reduce her § 406(b) award by the $6,000.00 counsel was awarded to represent Lael at the administrative level. Given Counsel's decision puts more money in the pocket of her disabled client, it is an understandable and admirable choice.

2

particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Lael entered into a 25% contingency fee agreement with counsel. (Docket # 29-4.) Twenty-five percent of her total past due benefits equals $17,062.75. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, Counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 42 hours of work spent in this case. (Docket # 29 at ¶ 8, Docket # 29-6.) Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Lael, who was awarded disability insurance benefits and was awarded back benefits to December 2016 (Docket # 29-3.) I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $11,062.75 for 42 hours of work equates to an hourly fee of approximately $263.39/hour, and this is well within the realm of reasonable fees approved

by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 29) is hereby **GRANTED IN PART AND DENIED IN PART**. Attorney Deborah Spector is awarded fees in the amount of $11,062.75.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Spector is directed to refund $7,390.51, representing fees that were previously awarded under the EAJA, directly to Lael.

Dated at Milwaukee, Wisconsin this 30th day of September, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge